

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
08/31/2012

| | |
|---|---|
| IN RE | ) |
| | ) |
| SUSAN HOANG, | ) CASE NO. 12-34935-H3-13 |
| | ) |
| Debtor, | ) |
| | ) |

### MEMORANDUM OPINION

The court has held a hearing on the "Motion for Relief from Automatic Stay and Co-Debtor Stay to Permit Eviction to Continue Regarding Real Property Located at 7222 Wooded Lake Lane, Richmond, Texas" (Docket No. 13) filed by Federal Home Loan Mortgage Corporation ("Movant"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Susan Hoang ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on July 2, 2012.

On February 1, 2011, at a foreclosure sale conducted by a substitute trustee, Debtor's ownership interest in real property located at 7222 Wooded Lake Lane, Richmond, Texas was sold to Movant. (Movant's Exhibit 1). Movant recorded the

substitute trustee's deed in the real property records of Fort Bend County, Texas, on February 7, 2011. (Movant's Exhibit 2).

Debtor filed the complaint in Adversary Proceeding No. 12-3395,[1] one day before the hearing on the instant motion. In the complaint, Debtor contends that the foreclosure sale was wrongful, asserting, inter alia, that an assignment to the entity which appointed the substitute trustee that conducted the foreclosure sale was invalid.

In the instant motion, Movant seeks relief from stay in order to seek eviction of Debtor from the property. Movant's evidence consists of copies of the notice of sale, notice of acceleration, the substitute trustee's deed, and this court's Memorandum Opinion in the previous case. Debtor's evidence consists of an order extending the stay in the instant case, Debtor's plan, a wage order, a copy of the complaint in Adversary No. 12-3395, and Debtor's schedules I and J. Neither Movant nor Debtor presented testimony or further evidence.

## Conclusions of Law

Under Section 362(d)(1) of the Bankruptcy Code, the court shall grant relief, such as by terminating, annulling, modifying, or conditioning the stay, for cause. Cause is not defined in the Code, and must be determined on a case by case

---

[1] Debtor was previously the Debtor in Case No. 11-38125-H3-13, and filed a similar adversary proceeding in Adv. No. 11-3596. The previous Chapter 13 case and adversary proceeding were dismissed.

basis based on an examination of the totality of circumstances. In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

The party requesting relief has the burden of proof on the issue of the debtor's equity in the property. The party opposing relief has the burden of proof on all other issues. 11 U.S.C. § 362(g).

In the instant case, Debtor has made no offer of adequate protection as to Movant's interest in the property. The court concludes that Debtor has not met her burden of proof on the question of cause for lifting of the stay. This court's determination does not prevent Debtor from asserting whatever rights she believes she may have with respect to the property in defense to any suit brought by Movant, or in any other forum of appropriate jurisdiction.

Based on the foregoing, a separate Judgment will be entered granting the "Motion for Relief from Automatic Stay and Co-Debtor Stay to Permit Eviction to Continue Regarding Real Property Located at 7222 Wooded Lake Lane, Richmond, Texas" (Docket No. 13) filed by Federal Home Loan Mortgage Corporation.

Signed at Houston, Texas on this _____31_____ day of _____Aug_____, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE